UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EXCELLUS HEALTH PLAN, INC.,

                Plaintiff,

    -vs-                                    03-CV-95C

DANIEL T. TRAN, et al.,

                Defendants.

---

HEALTH CARE SOLUTIONS, WNY, LLC,

                Appellant,

    -vs-                                    05-CV-576C

MARK S. WALLACH,

                Appellee.

---

HEALTH CARE SOLUTIONS, WNY, LLC,

                Appellant,

    -vs-                                    05-CV-577C

MARK S. WALLACH,

                Appellee.

---

APPEARANCES:   RUPP, BAASE, PFALZGRAF & CUNNINGHAM, LLC (LISA A. COPPOLA, ESQ., of Counsel), Buffalo, New York, for Appellant.

                        MAGAVERN, MAGAVERN & GRIMM, (THOMAS E. SCHOFIELD, ESQ., of Counsel), Buffalo, New York, for Appellee.

                        CONNORS & VILARDO (RANDALL D. WHITE, ESQ., of Counsel), Buffalo, New York, for non-party Will, McDermott & Emery.

On August 11, 2005, after conducting a hearing on the matter, United States Bankruptcy Judge Michael J. Kaplan issued an "Order to Transmit Record to District Court Combined With Findings of Fact and Conclusions of Law and Recommendation," pursuant to 28 U.S.C. § 157(c)(1),[1] in Bankruptcy Case No. 03-10102K. The hearing and order addressed a dispute concerning the "turnover" of certain documents, records, and other materials by the law firm of McDermott, Will & Emery ("MWE"), former counsel to the bankrupt debtor Promedicus Health Group, LLP ("Promedicus"), to Mark S. Wallach, Trustee in Bankruptcy, as previously directed by Judge Kaplan pursuant to 11 U.S.C. § 542(e).[2]

Specifically, Judge Kaplan's August 11, 2005 order states as follows:

> This Court has found that certain materials currently being turned-over to the Trustee by the law firm of McDermott, Will & Emery, pursuant to 11 U.S.C. § 542, will also have to be turned over to Excellus/Univera's counsel, Magavern, Magavern & Grimm, LLP, because of a Subpoena issued from the District Court in Case No. 03-CV-0095, which Subpoena previously was upheld, with certain limitations, by the District Court and (pursuant to a Special Reference from the District Court) by this Court. Health Care Solutions opposes the turnover to Magavern pursuant to the Subpoena. Magavern, on behalf of Excellus/Univera, argues that Health Care Solutions ignored the deadline by which such opposition was to have been presented

---

[1] 28 U.S.C. § 157(c)(1) provides:

   A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

[2] 11 U.S.C. § 542(e) provides:

   Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

> to the District Court. That issue is non-core because it goes to the scope of the District Court's prior orders in the Antitrust Action.
>
> . . .
>
> This Court concludes that on the current record, Excellus/Univera is entitled to the materials pursuant to the previous Orders of this Court and the District Court, but this Court also finds that only the District Court may so rule with certainty.

(Bankr. No. 03-10102K, Item 626).

On August 12, 2005, Health Care Solutions, WNY, LLC ("HCS"), filed a notice of appeal (Civ. No. 05-CV-576, Item 1) from Judge Kaplan's July 13, 2005 "supplemental" order in 03-10102K, which addresses the same turnover of materials referred to in his August 11, 2005 order. On August 15, 2005, ETV, LLC ("ETV") filed a separate notice of appeal from Judge Kaplan's July 13, 2005 order (Civ. No. 05-CV-577, Item 1).[3]

Upon notice and receipt of these filings, this court set a schedule for submission of objections to Judge Kaplan's August 11, 2005 order, and briefs addressing the appeal from Judge Kaplan's July 13, 2005 supplemental order, "[i]n the interest of having these related matters heard and determined without unnecessary duplication of effort on the part of the parties and the court . . ." (Item 184).[4] HCS/ETV has submitted an "Appellate Brief and Objections" (Item 186), and the Trustee has submitted an "Appellate Brief and

---

[3] As noted by special counsel for the Trustee, on December 23, 2004, a Certificate of Merger was filed with the New York State Department of State, by which ETV was merged into HCS, with HCS as the surviving entity (Bankr. No. 03-10102K, Item 629). The Trustee argues that because ETV did not survive the merger as a corporate entity, its appeal must be dismissed. Without ruling on this specific issue, or discussing the nuances of the different corporate functions of the two entities, the court will simply refer to the appellants jointly herein as "HCS/ETV."

[4] Unless otherwise specifically noted, item numbers refer to docket items in this action, Civ. No. 03-CV-95.

Memorandum of Law" (Item 188). Oral argument was heard by this court on October 24, 2005.

The central issue raised by the appeals and objections relates to HCS/ETV's claim of attorney-client privilege or work product protection with respect to documents, legal memoranda, and other materials created during the course of MWE's representation of Promedicus. HCS/ETV is a medical practice management company founded in December 2002 by individuals who were formerly officers, directors, and/or managers of Promedicus. MWE provided legal services to HCS/ETV in connection with the formation of the corporate entities.

HCS/ETV contends that if Judge Kaplan's orders are allowed to stand, Excellus would gain access to the disputed materials without giving HCS/ETV the opportunity to review the documents and assert their privileges where applicable. The Trustee (by special bankruptcy counsel Thomas E. Schofield of Magavern, Magavern & Grimm, LLP– also counsel of record for Excellus in this action) responds that, regardless of whether the privilege issue is framed in the form of objections to the August 11, 2005 order or as an appeal from the July 13, 2005 supplemental order, this court is precluded from ruling on the matter because it was not timely raised.

In this regard, on September 20, 2004–more than a year ago–Judge Kaplan issued an order rejecting the Trustee's assertion of privilege on behalf of Promedicus with respect to documents and materials responsive to the subpoena served upon the Trustee by

Excellus in connection with this action.[5] After extensive briefing, argument, and preliminary rulings on the matter, Judge Kaplan ruled as follows:

> [T]he Court, pursuant to its powers recited on the record in open Court overrules as financially burdensome to the estate of the Debtor the Trustee's assertion of the attorney-client privilege on behalf of Promedicus with respect to "the Documents," which are as defined herein as the pre-petition books and records of Promedicus, both in paper and electronic form, whether or not they are now or have ever been in the Trustee's possession, as well as in all other documents, both in paper and electronic form, that are responsive to the Subpoena issued to the Trustee on or about October 9, 2003, by Plaintiff in the [district court] action . . . .
>
> . . .
>
> [T]he parties, intervenors or prospective intervenors having further issues with respect to asserting or preserving the attorney-client privilege in cases of joint representation, or asserting or preserving the confidentiality of their business records, or obtaining protective orders as may be required under HIPPA, or the like, may immediately raise those issues in the District Court for such further and additional rulings as the District Court may make upon application therefor . . . .

(Bankr. No. 03-10102K, Item 426, at 3, 6).

Notwithstanding this explicit directive to "immediately raise" with the district court any further issues pertaining to the assertion of privilege or protection with respect to the Promedicus materials, HCS/ETV did not appeal from Judge Kaplan's September 20, 2004 order, or otherwise seek review by this court, prior to the filing of the present appeals on August 12 and 15, 2005. Under Rule 8001 of the Federal Rules of Bankruptcy Procedure,

---

[5]Along with the subpoena to the Trustee, Excellus issued several other non-party subpoenas in the district court action, which were objected to by a number of recipients–primarily, the competing health plans, Independent Health and Health-Now/Community Blue. After extensive briefing and argument, this court granted Excellus's motions to compel compliance with the subpoenas issued to the health plans (*see* Item 132). However, the court referred to Judge Kaplan the motion by non-party Independent Health to quash the subpoena issued to the Trustee, due to Judge Kaplan's familiarity with the issues pertaining to the Promedicus bankruptcy, and due to the fact that the Trustee had moved to quash the subpoena in the bankruptcy court but had not sought any relief from this court (*see id.* at Item 132).

an appeal to the district court from a bankruptcy court order "shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002." Fed. R. Bankr. P. 8001. Rule 8002 directs that "the notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a). As the Second Circuit has recently held, "the time limit contained in Rule 8002(a) is jurisdictional, and . . . , in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.'" *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005).

Accordingly, this court is without jurisdiction to consider the matters addressed by Judge Kaplan in his September 20, 2004 order. That order was clearly framed to encompass HCS/ETV's assertion of attorney-client privilege or work product protection for documents, records, and other materials turned over to the Trustee, or pending turnover, by MWE. The issues raised by way of the present appeals and objections pertaining to joint privilege, waiver of privilege, and the propriety of enforcement of the non-party subpoena served upon the Trustee by Excellus in the district court action have all been fully considered and ruled upon by Judge Kaplan after extensive briefing, hearings, and argument. This court entrusted these questions to Judge Kaplan because of his familiarity with the parties and the issues in the Promedicus bankruptcy proceedings, as well as his unquestioned expertise in the area of "turnover" of allegedly privileged information to the bankruptcy trustee pursuant to 11 U.S.C. § 542(e). Apart from this court's lack of jurisdiction to consider these appeals and objections, there is nothing contained in the written submissions and arguments made on behalf of HCS/ETV that might cause this

court to reject Judge Kaplan's well-reasoned determination of these difficult, contested matters.

Based on the foregoing, the findings, conclusions, and recommendations contained in the Bankruptcy Judge's "Order to Transmit Record to District Court Combined With Findings of Fact and Conclusions of Law and Recommendation," dated August 11, 2005 (Bankr. No. 03-10102K, Item 626), are hereby adopted in full as the final order of this court, in accordance with 28 U.S.C. § 157(c)(1).

The appeals in Civ. Nos. 05-CV-576 and 05-CV-577 are dismissed. The Clerk of the Court is directed to enter judgment accordingly, and to close Civ. No. 05-CV-576 and Civ. No. 05-CV-577.

So ordered.

                \s\ John T. Curtin
                JOHN T. CURTIN
                United States District Judge

Dated: October 25, 2005
p:\opinions\05-576.oct2505bankappeal